# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Clear Choice Construction, LLC; and Piedmont Disaster Services L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> The Travelers Home and Marine Insurance Company; and XYZ Corporations 1 through 20, which are unknown entities affiliated with the Travelers brand of insurers, <br><br> Defendants. | C.A. No.   0:17-1890-MBS   <br><br><br> **NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE TITLED COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Travelers Home and Marine Insurance Company ("**Travelers**") hereby removes to this Court the above-captioned case, which Plaintiffs Clear Choice Construction, LLC ("**Clear Choice**") and Piedmont Disaster Services, LLC ("**Piedmont**") (Clear Choice and Piedmont collectively are referred to as "**Plaintiffs**") filed in York County, South Carolina's Court of Common Pleas as Civil Case No. 2017-CP-46-01566. Travelers state the following in support of this Notice:

1.  Plaintiffs filed a Complaint against Travelers and XYZ Corporations 1 through 20, which are unknown entities affiliated with the Travelers brand of insurers ("**XYZ Corporations**"), on or about May 26, 2017. A copy of the Summons and Complaint ("**the Complaint**") is attached as **Exhibit A**.

2.  Plaintiff served the Summons and Complaint on Travelers Home and Marine on June 16, 2017. **Exhibit B** (Service Notification from S.C. Department of Insurance).

3. Upon information and belief, Plaintiff has not served the Summons and Complaint on XYZ Corporations.

4. Plaintiffs' claims against Travelers are premised on a dispute regarding whether a Travelers' insurance policy ("**the Policy**") provides coverage for a property loss "caused by a substantial wind and hail event." Compl., at ¶¶ 6, 10-11.

5. Per the Complaint, Travelers issued the Policy to Sean Seymour and Jamie Miller ("**the Insureds**"), whose Property allegedly was damaged by the wind and hail event. Id., at ¶¶ 7-11. The Insureds hired Plaintiffs to "make repairs" to their Property. According to the Complaint, Plaintiffs, through assignment, obtained any claims the Insureds had against Defendants. Id., at ¶¶ 14-16.

6. In the Complaint, Plaintiff asserts the following claims against Traveler's: violation of S.C. Code Ann. § 38-59-40; bad faith administration of claim; declaratory judgment; and tortious interference. Plaintiffs seek to recover actual damages, punitive damages, and attorneys' fees from Travelers. See, e.g., Compl., at ¶¶ 37; 46; Prayer for Relief.

## TIMELINESS OF REMOVAL:

7. Plaintiff served Travelers with the Summons and Complaint on June 16, 2016. See Ex. B.

8. Travelers has timely filed and served this Notice within the thirty (30) days allotted for removal under 28 U.S.C. § 1446(b).

## BASIS FOR FEDERAL COURT JURISDICTION:

9. The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a).

10.    Removal of this action is proper and this Court has diversity jurisdiction over this case because:

   a. Plaintiffs are citizens of South Carolina, but Travelers and XYZ Defendants are citizens of a state other than South Carolina. See Compl. at ¶¶ 1-3. Specifically, Travelers is organized and exists under Connecticut law, and its principal place of business is in Connecticut.

   b. The amount in controversy exceeds the jurisdictional amount of $75,000 as Plaintiffs seek to recover actual and punitive damages and attorneys' fees from Defendants. See Compl., at ¶¶ 37; 46; Prayer for Relief.

11.    In regard to the amount in controversy, South Carolina district courts require defendants "'to show either to a 'legal certainty' or at least within 'reasonable probability' that the amount in controversy has been satisfied.'" Gill v. Crowe, No. 1:15-cv-01827-JMC, 2015 WL 4231798, *2 (July 10, 2015).

12.    Notably, South Carolina courts "include claims for punitive damages when assessing whether or not the amount in controversy is satisfied for purposes of establishing diversity jurisdiction." Brailsford v. Fresenius Med. Ctr. CNA Kidney Centers LLC, No. 2:15-CV-04012-DCN, 2017 WL 1214337, at *4 (D.S.C. Apr. 3, 2017). In fact, as the Brailsford court recently noted, "claims for punitive damages 'must be included in the calculation of the amount in controversy.'" Id. (internal citation omitted). South Carolina district courts have "taken the same approach regarding consequential damages and attorney fees and costs." Id.

13.    Thus, in Thompson v. Victoria Fire & Cas. Co. and Farmers Ins. Exch., 32 F. Supp. 2d 847 (D.S.C. 1999), a South Carolina district court held that the amount in controversy exceeded $75,0000 even though the complaint only asserted $25,000 in actual damages because the plaintiff also sought punitive damages, consequential damages, and attorneys' fees and costs. Significantly, Thompson, like this case, involved breach of contract and bad faith claims against an insurer.

3

14. In this instance, there is a reasonably probability that Plaintiff's claims are for in excess of $75,000 because Plaintiff seeks:

   a. Actual damages, which would include amounts of purported insurance coverage for property damage "caused by a substantial wind and hail event," Compl., at ¶¶ 10-11. The Complaint describes such damages as "substantial," id., at ¶ 12, and costing over $17,000.00, id., at ¶¶ 18-21;

   b. Punitive damages; and

   c. Attorneys' fees.

See also Brailsford, at *4-5 (Holding that a complaint satisfied the amount in controversy even though it did not "seek a specific amount of damages" because the complaint requested "actual and punitive damages, including back pay, lost wages, etc.").

15. Additionally, the insurance policy in question has policy limits in excess of $75,000.

16. Thus, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), as the parties are completely diverse from each other and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**VENUE:**

17. This Court is the proper venue for this action under 28 U.S.C. § 1446(a) because it is located in the district and division where the state court action was pending.

**NOTICE TO STATE COURT:**

18.     Pursuant to 28 U.S.C. § 1446(d), Traveler's will file a true and correct copy of this Notice of Removal with the Clerk of the York County, South Carolina's Court of Common Pleas.  A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit C**.

**WHEREFORE**, Travelers respectfully requests this Court accept this Notice of Removal, and cause this entire suit to be docketed in this Court, and that this Court proceed to the final determination of this suit.

This 17th day of July 2017.
Greenville, South Carolina

        s/ Catherine F. Wrenn
        Catherine F. Wrenn (Fed. ID No. 10230)
        Womble Carlyle Sandridge & Rice, LLP
        550 South Main Street, Suite 400
        Greenville, South Carolina 29601
        Telephone:  864-255-5424
        Email: CWrenn@wcsr.com
        *Attorney for Defendant*

        Patrick Spaugh
        Womble Carlyle Sandridge & Rice, LLP
        One Wells Fargo Center
        Suite 3500, 301 South College Street
        Charlotte, NC 28202-6037
        Telephone: 704.331.4962
        Email: PSpaugh@wcsr.com
        *Of Counsel*