COPY

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | **FOR THE 16TH JUDICIAL CIRCUIT** |
| COUNTY OF YORK | ) | CIVIL ACTION #: 2017-CP-46-01566 |
| | ) | |
| Clear Choice Construction, LLC; and Piedmont Disaster Services, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | **Summons** |
| | ) | |
| vs. | ) | |
| | ) | |
| The Travelers Home and Marine Insurance Company; and XYZ Corporations 1 through 20, which are unknown entities affiliated with the Travelers brand of insurers, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

FILED-RECEIVED
2017 MAY 26 AM 11:33
DAVID HAMILTON
C.C.C.P. & G.S.
YORK COUNTY, SC

**TO:    The Travelers Home and Marine Insurance Company; and XYZ Corporations 1 through 20, which are unknown entities affiliated with the Travelers brand of insurers**

**YOU ARE HEREBY SUMMONED** and required to appear and defend by answering the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your answer to said Complaint upon the subscriber, Scott M. Wild, Esquire, at P.O. Box 6867, Hilton Head Island, South Carolina 29938, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted this 24th day of May, 2017, Hilton Head Island, Beaufort County, South Carolina.

LAW OFFICE OF SCOTT M. WILD, L.L.C.

By: _____
Scott M. Wild        (SC Bar # 76528)
Post Office Box 6867
Hilton Head Island, SC 29938
(843) 785-9453
scott@wildlawfirm.com
*Attorney for the Plaintiff*

# EXHIBIT A



| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE 16TH JUDICIAL CIRCUIT |
| COUNTY OF YORK | ) CIVIL ACTION #: 2017-CP-46-01566 |
| | ) |
| Clear Choice Construction, LLC; and | ) |
| Piedmont Disaster Services, LLC., | ) |
| | ) |
| Plaintiff, | ) **Complaint** |
| | ) (Jury Trial Demanded) |
| vs. | ) |
| | ) |
| The Travelers Home and Marine | ) |
| Insurance Company; and XYZ | ) |
| Corporations 1 through 20, which are | ) |
| unknown entities affiliated with the | ) |
| Travelers brand of insurers, | ) |
| | ) |
| Defendant(s). | ) |
| | ) |

FILED-RECEIVED
2017 MAY 26 AM 11: 33
DAVID HAMILTON
C.C.P. & G.S.
YORK COUNTY, SC

The Plaintiffs herein, (hereinafter, collectively, "Plaintiffs"), complaining of the Defendant(s) above-named, would respectfully allege and show unto this Honorable Court as follows:

## PARTIES AND JURISDICTION

1.    Plaintiffs are or were domestic limited liability companies authorized to conduct business in the State of South Carolina, more particularly the County of York therein.

2.    The Defendant herein, the Travelers Home and Marine Insurance Company (hereinafter, "Travelers") is a corporation or other business entity organized and existing pursuant to the laws of a State other than the State of South Carolina, but that is authorized to conduct, and does conduct business regularly, at all times relevant hereto, in York County, South Carolina.

3.    The Defendants herein, the XYZ Corporations 1 through 20, which are unknown entities affiliated with the Travelers brand of insurers (hereinafter, "Travelers Affiliates") are corporations or other business entities organized and existing pursuant to the laws of a State other

than the State of South Carolina, but that is authorized to conduct, and does conduct business regularly, at all times relevant hereto, in York County, South Carolina.

4.    This Court has jurisdiction over the subject matter and the parties to this action.

## FACTUAL ALLEGATIONS

5.    Plaintiffs hereby re-allege(s), reiterate(s), and restate(s) each and every admission, qualification, denial and allegation of the foregoing paragraph(s) as if fully set forth herein *verbatim*.

6.    This matter involves Travelers' failure to appropriately pay a claim, claim no. HRA9400001H (hereinafter, the "Claim"), for covered losses arising in York County, South Carolina (hereinafter, the "Loss"), which is covered by a policy of insurance, policy no. 0B1409983263628633 (hereinafter, the "Policy"), issued by Travelers to its insured. Claims also exist in Plaintiffs' favor for Travelers and Travelers' Affiliates tortious interference with Plaintiffs' performance of the task they undertook to perform.

7.    Plaintiffs are the assignee(s) and/or subrogee(s) of Travelers' insured, Sean Seymour and Jamie Miller a/k/a Jamie Seymour (hereinafter, the "Insureds"), including theClaim, and under the Policy for the damage of and repairs to the property that is the subject of the Loss.

8.    Upon information and belief, on or about May 24, 2014, the date of the Loss, Travelers insured the Insureds.

9.    The Insureds reside at 1837 Baylor Dr., Rock Hill, SC 29732 (hereinafter, the "Property").

10.    The Property was the site of the Loss.

11.    Upon information and belief, the Loss was caused by a substantial wind and hail event (hereinafter, the "Storm").

12.    The Storm caused substantial damage to the Property and the Insureds' property on or about May 24, 2014, which damage and event constitute the Loss.

13.    Upon information and belief, the Loss and corresponding event is/are covered under the Policy.

14.    Plaintiffs were hired to make repairs to the Property.

15.    The Insureds have assigned their claims to Ron L. Pierce and/or Piedmont Disaster Services, LLC.

16.    Pierce assigned any of his rights to Clear Choice Construction, LLC.

17.    Plaintiffs and/or the Insureds filed the Claims with Travelers, thereby notifying Travelers of the Loss.

18.    In making repairs, Plaintiffs generated repair estimates (hereinafter, the "Disallowed Estimate").

19.    The Disallowed Estimate was based upon the cost to repair the Loss in accordance with the scope of the damage and, at all times, in accordance with applicable building codes, industry standards, local laws, and state law.

20.    Plaintiffs provided such Disallowed Estimate to Travelers on numerous occasions.

21.    The final Disallowed Estimate totaled $17,101.82 as shown on Exhibit "A", and which Plaintiffs hereby incorporate herein.

22.    To date, Travelers has paid only $5,917.63 for the Claim/Loss.

23.    Administering the repairs from the Loss required supervision of three (3) separate trades.

24.    Despite repeated communications from Plaintiffs or Insureds to Travelers, as well as the submission of the Claim, Travelers failed and continues to fail to:

      a.  pay the appropriate costs to repair the Loss to required standards;

      b.  include an allowance for contractor overhead and profit;

      c.  forced Plaintiffs and/or Insureds to undertake additional costs and expenses to remedy the Property or retain counsel to litigate this matter; and

      d.  such other charges rendered necessary by Travelers' refusal to appropriately cover the claim

25.      Upon information and belief, the Policy provides for arbitration of disputes.

26.      Upon information and belief, Plaintiffs submitted to Travelers multiple demands for arbitration of the Claims to which Travelers did not respond or denied.

27.      Upon information and belief, Plaintiffs have submitted multiple requests for its overhead and profit in accordance with the Policy and industry practice, to which Travelers did not respond or denied.

28.      Plaintiffs have submitted multiple requests for its ordinance and law allowances to make repairs in accordance with the applicable building standards then-prevailing, to which Travelers did not respond or denied.

29.      Upon information and belief, any initial offer of resolution from Travelers upon submission of the Claims that failed to include amounts to which the Insureds and/or Plaintiffs were entitled under the Policy, if accepted, was/were accepted due to necessity of immediate repairs.

30.      Upon information and belief, at no time since the date of Loss has/have the Insureds or Plaintiffs waived its/their entitlement to any amounts properly due and payable under the Policy.

## FOR A FIRST CAUSE OF ACTION
(Violation of S.C. Code Ann. § 38-59-40)

31.     Plaintiffs hereby re-allege(s), reiterate(s), and restate(s) each and every admission, qualification, denial and allegation of the foregoing paragraph(s) as if fully set forth herein *verbatim*.

32.     Travelers and Insureds did enter into a policy of insurance, identified above as the Policy, the terms and conditions of which are incorporated herein by reference.

33.     Such Policy provides coverage to Insureds for a loss from wind and hail damage.

34.     By the terms and conditions of the Policy, Insureds did suffer a loss identified above as the Loss.

35.     Insureds and Plaintiffs made numerous demands to Travelers to pay the appropriate amount of the Loss and as set forth in the estimates identified above as the Disallowed Estimate.

36.     Insureds did make claims under the Policy, identified above as the Claim, to which Travelers did not respond, and ninety (90) days did elapse.

37.     Travelers is in violation of S.C Code Ann. § 38-59-40, Liability for Attorney's Fees Where Insurer Has Refused to Pay Claim, and as a direct result and consequence thereof, Plaintiffs have suffered actual and consequential damages in an amount to be determined, including the attorneys' fees, and other costs and expenses.

## FOR A SECOND CAUSE OF ACTION
(Bad Faith Administration of Claim)

38.     Plaintiffs hereby re-allege(s), reiterate(s), and restate(s) each and every admission, qualification, denial and allegation of the foregoing paragraph(s) as if fully set forth herein *verbatim*.

39.    Travelers and Insureds did enter into a policy of insurance, identified above as the Policy, the terms and conditions of which are incorporated herein by reference.

40.    Such Policy provides coverage to Insureds for a loss from wind and hail damage.

41.    By the terms and conditions of the Policy, Insureds did suffer a loss identified above as the Loss.

42.    Plaintiffs, as assignees/subrogees of the Insureds, made numerous demands to Travelers to pay the appropriate amount of the Loss and as set forth in the estimates identified above as the Estimates.

43.    Insureds did make Claims on the Policy, to which Travelers has:

　　　a.　made no attempt to properly investigate;

　　　b.　failed to provide adequate coverage for the Loss covered by the Policy;

　　　c.　failed to acknowledge with reasonable promptness pertinent communications with respect to the Claims under the Policy;

　　　d.　failed to adopt and implement reasonable standards for the prompt investigation and settlement of the Claims;

　　　e.　failed or did not attempt in good faith to effect prompt, fair, and equitable settlement of these Claims;

　　　f.　failed to pay overhead and profit or for required code upgrades; and

　　　g.　compelled Plaintiffs to institute a suit to recover benefits due under the Policy, all in violation of S.C. Code Ann. § 38-59-20.

44.    Further, Travelers did take steps to interfere with Plaintiffs' involvement in the Claim and Loss, including assigning additional people to monitor Plaintiffs and/or their principals/agents, treating the Claim differently because of Plaintiffs and/or their

principals/agents' involvement, defaming Ron Pierce and/or Plaintiffs, including their principals/agents, and stymying Plaintiffs' efforts to repair the Loss to applicable code and industry standards with the amount of the Claim actually paid versus the amount of the Disallowed Estimate.

45.    Upon information and belief, Travelers has operated in this fashion before with Mr. Pierce and/or Plaintiffs, and such feel that it is the modus operandi of Travelers and its affiliated companies

46.    As a result of Travelers' bad faith conduct, Plaintiffs have suffered and continue to suffer actual and consequential damages in an amount to be determined, actual damages in the amount of the unpaid Claims amounts under the Policy, punitive damages, attorneys' fees, and other costs and expenses.

### FOR A THIRD CAUSE OF ACTION
(Declaratory Judgment as to Travelers)

47.    Plaintiffs hereby re-allege(s), reiterate(s), and restate(s) each and every admission, qualification, denial and allegation of the foregoing paragraph(s) as if fully set forth herein *verbatim*.

48.    Travelers has admitted the assignments from the Insureds to Plaintiffs are valid.

49.    Plaintiffs would show that Travelers must honor the assignments of the Insureds' Claims to Plaintiffs or subrogation thereto.

### FOR A FOURTH CAUSE OF ACTION
(Declaratory Judgment: Entitlement to Overhead and Profit)

50.    Plaintiffs hereby re-allege(s), reiterate(s), and restate(s) each and every admission, qualification, denial and allegation of the foregoing paragraph(s) as if fully set forth herein *verbatim*.

51.    Plaintiffs would show the requirements of the Loss and Claim, including laws and industry standards, required employment of additional trades on the job and Property.

52.    Plaintiffs would show that Travelers is responsible for contractor overhead and profit under the Policy.

### FOR A FIFTH CAUSE OF ACTION
(Declaratory Judgment: Ordinance and Law)

53.    Plaintiffs hereby re-allege(s), reiterate(s), and restate(s) each and every admission, qualification, denial and allegation of the foregoing paragraph(s) as if fully set forth herein *verbatim.*

54.    Plaintiffs would show that Travelers is responsible to include in its payments on the Claims funds sufficient to allow repairs to be done in accordance with applicable building code standards.

### FOR A SIXTH CAUSE OF ACTION
(Tortious Interference)

55.    Plaintiffs hereby re-allege(s), reiterate(s), and restate(s) each and every admission, qualification, denial and allegation of the foregoing paragraph(s) as if fully set forth herein *verbatim.*

56.    Plaintiffs have learned that Travelers Affiliates and Travelers have assigned an additional adjustor to any claims in which Ronald L. Pierce or Plaintiffs are involved.

57.    Upon information and belief, such efforts are an attempt to intimidate Plaintiffs and/or Mr. Pierce to obtain a more favorable claim resolution.

58.    Upon information and belief, Travelers and Travelers Affiliates have operated in this fashion before with Mr. Pierce and/or Plaintiffs, and such feel that it is the modus operandi of the Travelers brand.

59.    Such additional adjustor was assigned to this Property and Claim.

60.    Plaintiffs would show a valid contract between Insureds and Plaintiffs.

61.    Plaintiffs would show Travelers and Travelers Affiliates knew of Plaintiffs' involvement in this Claim from very early on.

62.    Mr. Pierce and/or Plaintiffs would show that Travelers and Travelers Affiliates desired and attempted to interfere with Plaintiffs' contractual relationships.

63.    Plaintiffs would show that Travelers and Travelers Affiliates procured, or attempted to procure, the breach of that contract.

64.    Plaintiffs would show that Travelers and Travelers Affiliates lacked justification to procure, or attempted to procure, the breach of that contract.

65.    Plaintiffs would show that they have been harmed and damaged in reputation, by not getting paid that to which they were entitled for work they were entitled to perform.

**WHEREFORE**, Plaintiffs requests that this Court inquire into the matter(s) set forth herein and issue an Order as follows:

A.  That this Court find that Travelers and/or Travelers Affiliates breached their contractual duties owed to the Insureds or Plaintiffs, as assignees or subrogees of the Insureds;

B.  That Plaintiffs be entitled to a judgment against Travelers and/or Travelers Affiliates for all amounts due for the Claims under the Policy;

C.  That Plaintiffs be entitled to an award of actual, consequential, expectation, and punitive damages, court costs and fees, and pre-judgment and post-judgment interest;

D.  That Plaintiffs be entitled to an award of reasonable attorneys' fees, costs, and expenses;

E.  Declaratory judgment that Travelers is required to honor any assignment or subrogation of the Claims;

F.  Declaratory judgment that Travelers is required to pay Plaintiffs' overhead and profit under the Policy;

G.  That Plaintiffs are entitled to amend this Complaint as they learn or uncover new information;

H.  That Travelers and/or Travelers Affiliates tortiously interfered with Plaintiffs' contractual relations;

I.  That this Court or presiding judge, retain jurisdiction to settle all outstanding disputes, supplemental matters, or administrative functions related to this Complaint; and

J.  For any and all other and further relief as this Honorable Court may deem just, proper, and appropriate under the circumstances.

Respectfully submitted,

**LAW OFFICE OF SCOTT M. WILD, LLC**

X: _____

Scott M. Wild        (SC Bar #76528)
P.O. Box 6867
Hilton Head Island, SC 29938
(843) 785-9453
scott@wildlawfirm.com
*Attorney for the Plaintiffs*

Dated this 24th day of May, 2017,

Hilton Head Island, Beaufort County, South Carolina.

# EXHIBIT "A"

to the Complaint in

*Clear Choice Construction, LLC and Piedmont Disaster Services, L.L.C.*

*v.*

*The Travelers Home and Marine Insurance Company, et al.,*

*(2017-CP-46-_____)*

# Estimate

**Claim No.**

| File No. 0022 | Policy No | Date of Loss | Report First | Report Date 07/14/2014 | Adjuster |
|---|---|---|---|---|---|
| Insured SEAN SEYMOUR | Address 1837 BAYLOR DRIVE ROCK HILL, SC 29732 | | Office | Home | FAX |
| Loss Address | 1837 BAYLOR DRIVE ROCK HILL, SC 29732 | | | | |
| Company | Address | | | | FAX |
| Claimant | Address | | | | FAX |
| Contractor Piedmont Disaster Services | Address 4917 Cedar Forest Drive Charlotte, NC 28226 | | Office | Home | FAX |

# Building

### Area

Roof Area 0 SQ  0 SF   Perimeter 0 FT

| Operation | Qty Unit | Description | Cost | RC | DEP | ACV |
|---|---|---|---|---|---|---|
| Fee | 1 EA | Building permit. for job $10,001 to $20,000 | 656.50 | 656.50 | 0.00* | 656.50 |
| Remove | 28 SQ | Asphalt shingles. Three tabs. 25 year (220 to 240 lb) | 30.71 | 859.88 | 0.00* | 859.88 |
| Replace | 28 SQ | Asphalt shingles. Three tabs. 25 year (220 to 240 lb) | 198.97 | 5,571.16 | 0.00* | 5,571.16 |
| Replace | 187.2 SF | Asphalt Starter. Peel and Stick | 1.66 | 310.75 | 0.00* | 310.75 |
| Replace | 18 EA | Ridge vent. Shingle-over. 4' vent | 22.45 | 404.10 | 0.00* | 404.10 |
| Remove | 1 EA | Satellite Dish, additional receivers | 35.16 | 35.16 | 0.00* | 35.16 |
| Replace | 1 EA | Satellite Dish, additional receivers | 92.07 | 92.07 | 0.00* | 92.07 |
| Replace | 28 SQ | Steep Roof Charge, 9/12 to 10/12 slope | 83.76 | 2,345.28 | 0.00* | 2,345.28 |
| Remove | 255 LF | Rain gutter. downspout. aluminum | 0.27 | 68.85 | 0.00* | 68.85 |
| Replace | 262.65 LF | Rain gutter. downspout. aluminum | 7.62 | 2,001.39 | 0.00* | 2,001.39 |
| Remove | 50 LF | Fascia. aluminum 6" to 12" wide | 0.18 | 9.00 | 0.00* | 9.00 |
| Replace | 52 LF | Fascia. aluminum 6" to 12" wide | 4.11 | 213.72 | 0.00* | 213.72 |
| Remove | 3 EA | Exhaust Cap. through the roof | 16.26 | 48.78 | 0.00* | 48.78 |
| Replace | 3 EA | Exhaust Cap. through the roof | 44.44 | 133.32 | 0.00* | 133.32 |
| Fee | 3 TN | Debris hauling. By trailer or dump truck. per ton | 72.72 | 218.16 | 0.00* | 218.16 |
| Fee | 3 TN | Dump fee. charge per ton | 101.69 | 305.07 | 0.00* | 305.07 |
| Clean | 2000 SF | Final construction clean-up. with broom | 0.07 | 140.00 | 0.00* | 140.00 |

| Area Totals: | | | | 13.413.19 | 0.00 | 13.413.19 |
|---|---|---|---|---|---|---|

| | RC | R DEP | NR DEP | ACV |
|---|---|---|---|---|
| Subtotal | 13.413.19 | 0.00 | 0.00 | 13.413.19 |
| Overhead | 1.341.32 | 0.00 | 0.00 | 1.341.32 |
| Profit | 1.341.32 | 0.00 | 0.00 | 1.341.32 |
| Tax | 1.005.99 | 0.00 | 0.00 | 1.005.99 |
| **Building Loss:** | 17.101.82 | 0.00 | 0.00 | 17.101.82 |

| **Totals:** | 17.101.82 | 0.00 | 0.00 | 17.101.82 |
|---|---|---|---|---|

|  |  | Less Deductible Applied | 0.00 |
|---|---|---|---|
|  |  | **ACV Claim** | **17,101.82** |

Created using PowerClaim ® 1 800-736-1246

Page 1

Summons and complaint of
within entitled cause received at
this office and service accepted
in accordance with law
this ___/16__ day of _Jun 017____

_Raymond J. Farmer_

Director of Insurance
and Attorney to Accept Service
Columbia, SC

STATE OF SOUTH CAROLINA
**DEPARTMENT OF INSURANCE**
P.O. BOX 100105
COLUMBIA, S.C. 29202-3105

91 7199 9991 7037 3359 0311

Presort
First Class Mail
ComBasPrice

U.S. POSTAGE ⟫ PITNEY BOWES

ZIP 29201  **$ 006.41⁰**
02 4W
0000345957 JUN 16 2017

# CERTIFIED MAIL

## RETURN RECEIPT REQUESTED

# SERVICE OF PROCESS

TRAVELERS HOME AND MARINE INSURANCE COMPANY, THE
c/o Corporation Service Company
1703 Laurel Street
Columbia, SC 29201