UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Clear Choice Construction, LLC and Piedmont Disaster Services L.L.C., | : : : : : : : : : : : : : : |
| Plaintiffs, | |
| v. | |
| The Travelers Home and Marine Insurance Company, and XYZ Corporations 1 through 20, which are unknown entities affiliated with the Travelers band of insurers, | |
| Defendants. | |

C/A No.: 0:17-1890-MBS

**OPINION AND ORDER**

Plaintiffs Clear Choice Construction, LLC (hereinafter "Clear Choice Construction") and Piedmont Disaster Services, L.L.C. (hereinafter collectively referred to as "Plaintiffs") filed a lawsuit against Defendants The Travelers Home and Marine Insurance Company (hereinafter "Travelers") and XYZ Corporations 1 through 20, which are unknown entities affiliated with the Travelers brand of insurers (hereinafter collectively referred to as "Defendants"), in the York County Court of Common Pleas, South Carolina. Plaintiffs allege that Travelers failed to pay a claim for covered losses arising out of damage to a home in Rock Hill, South Carolina. Plaintiffs assert causes of actions for a violation of S.C. Code. Ann. § 38-59-40, which provides for attorney's fees where an insurer has refused to pay a claim; bad faith administration of a claim; declaratory judgment entitlement as to overhead, profits, ordinance, and law; and for tortious interference of contractual relationships. ECF No. 1. On July 17, 2017, Defendant Travelers filed a notice of removal pursuant to 28 U.S.C. § 1332 on the basis of diversity of jurisdiction. *Id*. at 2-3. On August 18, 2017, Plaintiffs filed a motion to remand, ECF No. 14, to which Defendant Travelers filed an opposition on September 1, 2017. ECF No. 17.

1

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Defendant Travelers issued a policy of insurance, policy no. 0B1409983263628633 (hereinafter the "Policy") to Sean Seymour and Jamie Miller a/k/a Jamie Seymour (hereinafter the "Insureds") for property damage and repair to their residence in Rock Hill, South Carolina (hereinafter, the "Property"). ECF No 1-1 at 3. On or about May 24, 2014, the Insureds suffered property damage to the roof and gutters caused by a substantial wind and hail storm. *Id.* The Insureds hired Plaintiff Piedmont Disaster Services, L.L.C. to make the necessary repairs on the property. ECF No. 1-1 at 4. Thereafter, the Insureds assigned their rights to Ronald Pierce and/or Piedmont Disaster Services, LLC. *Id.* Ronald Pierce then assigned all of his rights to Plaintiff Clear Choice Construction. *Id.*

Following the assignments, Plaintiffs filed a property damage claim against Travelers for the repairs on the property. *Id.* Plaintiffs contend an estimate in the amount of $17,101.82 was submitted to Travelers on numerous occasions. ECF No. 1-1 at 4. To date, Plaintiffs indicate that $5,917.73 has been paid by Travelers. *Id.* Plaintiffs allege that repeated communications with Travelers have failed along with multiple requests for arbitration. ECF No. 1-1 at 5.

On June 16, 2017, Plaintiffs served the Summons and Complaint on Travelers through the South Carolina Department of Insurance pursuant to the provisions of S.C. Code Ann. § 38-5-70.[1] ECF No. 1. The record does not reflect that Defendants XYZ Corporations 1 through 20 have been served with Plaintiffs' Summons and Complaint. On July 17, 2017, Travelers filed an

---

[1] S.C. Code Ann § 38-5-70, provides that "every insurer shall . . . appoint in writing the director and his successors in office to be its true and lawful attorney upon whom all legal process in any action or proceeding against it must be served and in this writing shall agree that any lawful process against it which is served upon this attorney is of the same legal force and validity as if served upon the insurer and that the authority continues in force so long as any liability remains outstanding in the State."

Answer that admitted to the roof and gutter damage on the property. ECF No. 4 at 4. However, Travelers denies that the "estimate accurately reflects the appropriate quantities of materials necessary or the repairs agreed to or required for the roof and gutters." ECF No. 4 at 4. On the same day, Travelers also filed a notice of removal that indicated the parties are completely diverse pursuant to 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000. ECF No. 1 at 2-3.

On August 18, 2017, Plaintiffs' filed a motion to remand. ECF No. 14. Plaintiffs argue that Rule 11(a) of the South Carolina Rules of Civil Procedure requires that Defendants confer in good faith with Plaintiffs' counsel prior to the filing of a "motion" such as a notice of removal. *Id*. at 2. Plaintiffs further contend that consultation with Plaintiffs' counsel would have been beneficial to both parties and would have resolved the issue regarding the amount in controversy, which was intended to be capped at $74,999.99. *Id*. at 3. As a result, Plaintiffs allege that the failure to consult with Plaintiffs' counsel has resulted in this matter being unnecessarily removed to federal court. *Id*.

On September 1, 2017, Travelers filed a response in opposition to Plaintiffs' motion to remand. ECF No. 17. Travelers argues that Plaintiffs' motion to remand should be denied because: (1) it is untimely; (2) the South Carolina Rules of Civil Procedure do not govern this Court; (3) even if the South Carolina Rules of Civil Procedure applied, a notice of removal is not a "motion," and (4) Plaintiffs have not capped damages at $75,000 or less. ECF No. 17 at 1. Plaintiffs did not file a reply to Travelers' opposition.

The matter is now before the court on the issue as to first, whether diversity jurisdiction exists, and second, whether Plaintiffs' motion to remand was timely filed.

## II. LEGAL STANDARDS

### A. Diversity of Jurisdiction

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or the value of $75,000 and is between citizens of different states." 28 U.S.C. § 1332(a). In cases in which the district court's jurisdiction is based on diversity of citizenship, the burden of establishing federal jurisdiction rests upon the party seeking removal. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing cases based on diversity jurisdiction, the party invoking federal jurisdiction must allege same in their notice of removal and when challenged demonstrate basis for jurisdiction); *Mulcahey v. Columbia Organic Chem. Co. Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (holding that the burden is on the removing defendant to establish subject matter jurisdiction). "Because courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court." *Messex v. Quicken Loans, Inc.*, C/A No. 2:15-cv-04773-JMC, 2016 WL 3597597, at *2 (D.S.C. July 5, 2016); *See also Mulcahey*, 29 F.3d at 151 (holding that "if federal jurisdiction is doubtful, a remand is necessary").

The Fourth Circuit has not set forth a rule concerning the burden of proof on the removing party in regard to establishing the amount in controversy. *Brailsford v. Fresenius Med. Ctr. CNA Kidney Ctr. LLC*, C/A No. 2:15-cv-04012-DCN, 2017 WL 1214337, at *1 (D.S.C. August 3, 2017) (citing *Rota v. Consol. Coal Co.*, C/A No. 98-1807, 1999 WL 183873 (4th Cir. 1999) (declining to adopt any particular standard of proof for determining amount in controversy)). However,

"courts within the District of South Carolina have leaned towards requiring defendants in this position to show either to a 'legal certainty' or at least within a 'reasonable probability' that the amount in controversy has been satisfied." *Brailsford,* 2017 WL 1214337 at *3. For example, when a Plaintiff has alleged an indeterminable amount of damages and claims an amount not to exceed $75,000, the federal court must attempt to ascertain the amount in controversy by a preponderance of the evidence and consider Plaintiff's claims as alleged in the complaint, the notice of removal filed with the court, and other relevant materials in the record. *Crosby v. CVS Pharm., Inc.*, 409 F. Supp. 2d 665, 667 (D.S.C. 2005). "In fact, claims of punitive damages must be included in the calculation of the amount in controversy." *American Health and Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003). This District court has also taken the same approach regarding consequential damages and attorney's fees and costs. *See Thompson v. Victoria Fire & Cas. Ins. Co.*, 32 F. Supp. 2d 847 (D.S.C. 1999) (holding that the amount in controversy exceeds $75,000 where complaint sought punitive damages, consequential damages, and attorney's fees and costs beyond the $25,000 in actual damages claimed); *Barker v. Washington Nat'l. Ins. Co.*, C/A No. 9:12-cv-1901-PMD, 2013 WL 1767620, at *2 (D.S.C. April 24, 2013) ("[A]lthough not specifically alleged in the complaint, the actual amount in controversy at the time of removal appears to be at least $40,000. However, because [Plaintiff] seeks actual and punitive damages, attorney's fees, and costs against [Defendants], the total amount in controversy exceeds $75,000.").

**B. Motion to Remand**

Removal from and remand to state court are governed by 28 U.S.C. §§ 1441 and 1447. Under section 1441, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C.

§ 1441. Federal law also requires that "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

### III.    DISCUSSION

#### A. Diversity Jurisdiction

Diversity of citizenship is undisputed in this case. Plaintiff Piedmont Disaster Services was a limited liability company organized under the laws of the State of North Carolina and conducting business in the State of South Carolina, specifically in York County.[2] Plaintiff Clear Choice Construction was a limited liability company organized under the State of South Carolina and conducting business in the State of South Carolina.[3] ECF No. 1-1, Compl. ¶1. Defendant Travelers is organized and exists under the laws of the State of Connecticut and has its principal place of business in Connecticut. ECF No. 1 at 3. Defendant XYZ Corporation 1 through 20 is alleged by both parties to be a citizen of a state other than South Carolina.[4] ECF No. 1-1, Compl.

---

[2] The court takes judicial notice of the fact that North Carolina Secretary of State's records show that Piedmont Disaster Services is registered as Piedmont Maintenance & Disaster Services whose status is listed as dissolved and that Ronald Pierce is the listed registered agent. Federal Rules of Evidence 201(b)(2) (provides that a court "may take judicial notice of a fact that is not subject to reasonable dispute if it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). The information found on the website of North Carolina Secretary of State falls within the purview of Federal Rules of Evidence 201(b)(2). The court further notes that "[t]he dissolution of the LLC does not prevent commencement of a proceeding by or against the LLC in its own name." N.C. Gen. Stat. § 57D-6-07(f).

[3] The court also takes judicial notice of the fact that South Carolina Secretary of State's records show that Clear Choice Construction, LLC is dissolved and that Ronald Pierce is the registered agent. *See* Federal Rules of Evidence 201(b)(2). The court further notes that pursuant to S.C. Code Ann. § 33-44-803, a dissolved limited liability company can "[p]rosecute and defend actions and proceedings, whether civil, criminal, or administrative, settle, and close the company's business . . . and perform other necessary acts."

[4] Pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names shall be disregarded.

¶ 3, ECF No. 1 at 3. Accordingly, the court determines that complete diversity of citizenship exists between Plaintiffs and Defendants.

The court now turns to the issue of whether the amount in controversy is satisfied for purposes of establishing diversity jurisdiction. Plaintiffs did not include a determinable amount of damages in their complaint. ECF No. 1-1 at 10-11. In Plaintiffs' motion to remand, Plaintiffs argue that damages were intended to be capped at $74,999.99; however, due to a clerical error, the language capping damages was not included in the complaint. ECF No. 14 at 3. Plaintiffs further argue that had Travelers consulted with Plaintiffs' counsel prior to removal, Plaintiffs would have immediately moved to amend the complaint to reflect the cap in damages. *Id*. In response, Travelers argues removal was proper and that the amount in controversy exceeds $75,000. ECF No. 17 at 4. Travelers further noted that the policy has a policy limit in excess of $75,000 for property loss caused by a substantial wind and hail storm. *Id*. Moreover, Travelers argues that any attempt by Plaintiffs to cap damages is irrelevant at the removal stage and urges the court to remain consistent with prior precedent. ECF No. 17 at 5 (citing *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530, 533 (D.S.C. 1999) (denying motion to remand where Plaintiff "asserted that the amount in controversy did not exceed the jurisdictional amount at the time of removal"); *Covington v. Syngenta Corp.*, 225 F. Supp. 3d 384, 390 (D.S.C. 2016) (rejecting post-removal stipulation on damages and denying motion to remand).

Having reviewed the record, the court finds that there is reasonable probability that Plaintiffs could recover in excess of $75,000 and therefore satisfy the amount in controversy. In their complaint, Plaintiffs allege six causes of actions and made numerous prayers for relief including actual and consequential damages, overhead and profits, expectation damages, attorneys' fees, costs, punitive damages, and pre-judgment and post-judgment interest. ECF No.

1-1 at 9. Although Plaintiffs submitted an estimate of $17,101.82 and state in their motion to remand that less than $74,999.00 is sought in money damages, the court finds that Plaintiffs' requested relief as a whole could reasonably exceed the jurisdictional amount. For example, Plaintiffs' complaint indicates that (1) Plaintiffs have suffered and continue to suffer actual and consequential damages in an amount to be determined; (2) Travelers is responsible to include in its payments funds sufficient to allow repairs to be done in accordance with applicable building code standards; and (3) Travelers is responsible for the contractor's overhead and profits under the policy. ECF No. 1-1 at 8 ¶46, ECF No. 1-1 at 9 ¶¶52, 54. Based on these allegations, the court finds that Travelers has shown that there is a reasonably probability that Plaintiffs could recover in excess of $75,000. *See, e.g. Mattison v. Wal-mart Stores, Inc.*, C/A No. 6:10-cv-017939-JMC, 2011 WL 494395, at *3 (D.S.C. Feb. 4, 2011) (holding that even though Plaintiff's complaint does not specify the exact amount of damages that Plaintiff is claiming, Plaintiff's request for punitive damages alone, which are properly considered for purposes of determining the amount in controversy makes it difficult for Plaintiff to prove she could not possibly recover the jurisdictional limit were Plaintiff to prevail at trial) (citing *Woodward v. Newcourt Comm. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that Plaintiff's claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount); *Meadows v. Nationwide Ins. Co.*, C/A No. 1:14-cv-04531-JMC, 2015 WL 3490062, at *4 (D.S.C. June 3, 2015) ("[I]n light of Plaintiff's six causes of actions against Defendant and Plaintiff's prayer for actual and compensatory damages, treble damages, attorney's fees, and punitive damages, the court finds it falls within a legal certainty or reasonable probability that the value of Plaintiff's claims exceed $75,000.00 . . . beyond the $22,790.00 claimed by Plaintiff.")).

Additionally, Plaintiffs' post-removal intentions to amend its complaint do not change the court's conclusion. "The law is clear that post-removal events, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, do not deprive a federal court of diversity jurisdiction." *Brailsford,* 2017 WL 1214337, at *5. Therefore, the court finds that there is complete diversity of citizenship and that the amount in controversy has been satisfied.

**B. Motion to Remand**

The next question is whether Plaintiffs' motion to remand was timely filed. Under 28 U.S.C. § 1447(c), "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." "[A] procedural defect within the meaning of § 1447(c) refers to any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Doe v. Blair*, 819 F.3d 64, 67 (4th Cir. 2016). "Only in the case of a lack of subject matter jurisdiction – such as no diversity of citizenship, or the absence of a federal question of that were the sole ground for removal – may the plaintiff object to removal after the thirty-day limit." *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 787 (5th Cir. 1993). Thus, "any other objection is procedural and waived after thirty days." *Id*.

In the present case, the court finds that Plaintiffs filed their motion to remand after the 30-day deadline. Travelers removed this action to federal court on July 17, 2017. ECF No. 1. Plaintiffs, therefore, had until August 16, 2017 to file their motion to remand. Plaintiffs' motion to remand was filed on August 18, 2017, two days late. ECF No. 14. Federal courts have strictly construed the statute's 30-day deadline. *See, e.g. Elder v. Wal-mart Stores, Inc.*, 751 F. Supp. 639, 640 (E.D. La. 1990) (denying as untimely motion to remand filed 31 days after notice of removal); *Almutairi*

*v. John Hopkins Sys. Corp.*, C/A No. ELH-15-2864, 2016 WL 97835, at *4 (D. Md. Jan 8, 2016) (denying motion to remand filed 34 days after removal).

Even if Plaintiffs' motion were not untimely, Plaintiffs cannot prevail with respect to the alleged failure of Travelers to consult with Plaintiffs' counsel prior to filing the notice of removal. The court finds no legal authority to support Plaintiffs' position that the removing party must confer with Plaintiffs' counsel prior to filing a notice of removal.

### IV. CONCLUSION

Based on the foregoing, the court DENIES Plaintiffs' motion to remand.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour_____
Margaret B. Seymour
Senior United States District Judge

Dated: February 5, 2018